IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNSTON F. MITCHELL,　　　　　　　　Civ. No. 04-6346-HO

　　　　Plaintiff,　　　　　　　　Order

　v.

COMMISSIONER, Social Security
Administration,

　　　　Defendant.

Plaintiff seeks review of the final decision of the Commissioner denying his application for disability insurance benefits and supplemental security income.

## Discussion

Plaintiff contends the administrative law judge (ALJ) erred by rejecting his testimony, finding he can perform jobs in the national economy, and, in the alternative, failing to develop the record.

While plaintiff expressly contends that the ALJ's reasons for finding his subjective complaints not fully credible are not clear and convincing, plaintiff's memorandum mainly addresses

whether the reasons cited by the ALJ are supported by evidence. Pl's Memo. at 14-17. The court necessarily considers both arguments. Plaintiff may be correct that Dr. Bald's opinion is consistent with subjective complaints related to Dr. Bald. This does not demonstrate that no physician endorsed plaintiff's stated need to lie down regularly to control back pain, as correctly noted by the ALJ. Furthermore, Dr. Bald's opinion of moderate functional limitations is not inconsistent with the ALJ's assessment of plaintiff's residual functional capacity (RFC). (Tr. 17, 138). That plaintiff's employer did not provide him the opportunity to attempt to perform light work does not prohibit the ALJ from considering a medical opinion of plaintiff's functional limitations releasing him to light work, as plaintiff suggests. That plaintiff once reported exacerbated symptoms after doing chores, and once again after experiencing a grand mal seizure, does not undermine the ALJ's finding that plaintiff's underlying orthopedic pathology has not worsened since July, 2002, when plaintiff was released, and appeared willing to return, to light work. (Tr. 15, 139, 176). The ALJ properly considered inconsistencies between medical evidence and plaintiff's testimony. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2001).

While the ALJ noted plaintiff's ability to do routine household chores, the decision does not indicate that the ALJ

found that this ability is inconsistent with stated limitations or otherwise undermines plaintiff's credibility. (Tr. 15-16). The court therefore does not consider plaintiff's stated ability to do limited household chores in determining wether the ALJ stated clear and convincing reasons for not fully crediting plaintiff's testimony.

Plaintiff adequately explained his failure to pursue the treatment program recommended by Dr. Clark for lack of insurance coverage. (Tr. 169). The ALJ is correct, however, that the record does not indicate that plaintiff pursued chronic pain programs and pool therapy recommended by his physical therapist. Although he testified at the hearing that he currently does not have and cannot afford health insurance, plaintiff did not state whether he followed the therapist's recommendations, and if he did not, why not. Because the record does not evidence attempts by plaintiff to obtain appropriate pain medication considering his seizure disorder, the ALJ permissibly inferred that plaintiff's pain might not be debilitating. In assessing credibility, the ALJ may consider unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1995).

Plaintiff is incorrect that the ALJ did not include limitations from his seizure disorder in her assessment of his

3 - ORDER

RFC, and that the ALJ failed to consider the effects of his impairments in combination. (Tr. 17). Plaintiff argues that the ALJ's finding that he has been able to work for 30 years despite his seizure disorder is not supported by substantial evidence, because he experienced no seizures for many years preceding 1987. Whether plaintiff worked for 30 or 15 years with intermittent seizures, the ALJ permissibly inferred that plaintiff's seizure disorder would not prevent plaintiff from working unless he experiences seizures with increased frequency. (Tr. 16-17).

Inconsistency between plaintiff's testimony and medical evidence, lack of evidence that plaintiff's condition has deteriorated since he was released to light work in 2002, and unexplained or inadequately explained failure to seek treatment and follow recommended treatment are clear and convincing reasons supported by substantial evidence for the ALJ to find plaintiff's testimony not fully credible.

Plaintiff argues that the hypothetical question posed to the vocational expert (VE) is incomplete because it did not include plaintiff's need to lie down during the day, unpredictable interruptions in work activity requiring emergency assistance. The ALJ properly rejected plaintiff's stated need to lie down as inconsistent with his release and apparent willingness to return to work in 2002, and because no physician endorsed the limitation. (Tr. 15).

4 - ORDER

Plaintiff testified that he goes to the emergency room after grand mal seizures, which may occur every several months, and that petite mal seizures occur in his sleep, "as much as I know so." (Tr. 254-55). As noted, the ALJ found that plaintiff's seizure disorder did not previously prevent plaintiff from working, should not do so in the absence of medical evidence of a significant increase in the frequency of seizures, and plaintiff's seizures are of insufficient frequency to establish disability. The ALJ also limited the hypothetical individual to no contact with the public, reasoning that co-workers would be more understanding than the public if the individual were to have a seizure at work.

The ALJ allowed that plaintiff continues to have seizures every several months, without distinguishing between petite mal and grand mal seizures, after which plaintiff goes to the emergency room. (Tr. 16). Plaintiff was last seen in the emergency room for a possible seizure on October 3, 2003. (Tr. 215). He was seen previously on May 30, 2003, December 7, 2002, and August 8, 2002. (Tr. 153, 155, 203). Before August 8, 2002, plaintiff had not had a seizure for some years. (Tr. 155). Plaintiff testified at the March 17, 2004, hearing that his most recent seizure was a petite mal seizure. Considering this evidence of the frequency of grand mal seizures, and the corresponding possibility that plaintiff may experience a grand

mal seizure at work, the court finds that the ALJ did not err by not including unpredictable interruptions in work activity requiring emergency assistance in her hypothetical question to the VE.

Lastly, the ALJ did not err by failing to obtain Dr. Clark's opinion as to what plaintiff can still do. The state agency requested this information. (Tr. 168). A medical report is not incomplete without the information. (Tr. 168); 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6).

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this 3rd day of Aug, 2005.

_____
Michael R. Hogan
United States District Judge